IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **CRAE R. PEASE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **Case No. 1:11-cv-00211** |
| **BAC HOME LOANS SERVICING, LP** | § | |
| **fka COUNTRYWIDE HOME LOANS** | § | |
| **SERVICING LP, FEDERAL** | § | |
| **NATIONAL MORTGAGE** | § | |
| **ASSOCIATION, MERS, WENDY** | § | |
| **ALEXANDER and STEPHEN C.** | § | |
| **PORTER,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Defendant BAC Home Loans Servicing, LP (**BAC**), Federal National Mortgage Association (**FNMA**) and Mortgage Electronic Registration Systems (incorrectly named as MERS) (**MERS**) hereby remove the action plaintiff Crae R. Pease (**Pease**) filed in the 200th District Court of Travis County, Texas, Cause No. D-1-GN-11-000428 to the United States District Court for the Western District of Texas under 28 U.S.C. §§ 1332 and 1441 for the reasons explained below.

### I. STATEMENT OF THE CASE

On February 11, 2011, plaintiff commenced a cause of action in the 200th District Court of Travis County, styled *Crae R. Pease v. BAC Home Loans Servicing, LP* (**State Court Action**).[1] Plaintiff brings the following causes of action in his state court petition: (1) fraud; (2)

---

[1] A copy of plaintiff's original state-court petition in the State Court Action is attached as **EXHIBIT 1,** and plaintiff's first amended petition (**Plaintiff's Am. Pet.**) is attached as **EXHIBIT 4.**

conversion; (3) unjust enrichment; (4) civil conspiracy; (5) quiet title action (6) attempt to wrongfully foreclose; and wrongful foreclosure.[2] Plaintiff seeks actual damages and exemplary damages as well as attorney's fees, in connection with his claims that BAC did not have standing to foreclose.

## II.  BASIS FOR DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).   As explained in detail below, the presence of Texas citizens Wendy Alexander and Stephen C. Porter (collectively, **Trustees**) does not destroy diversity jurisdiction.

The amount in controversy must also exceed $75,000.  28 U.S.C. § 1332(a).

**A.     The Plaintiff and Defendants Are Citizens of Different States.**

Here, the parties are diverse. Upon information and belief, plaintiff is a citizen of Texas because that is where he is domiciled.[3]  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

BAC is a citizen of North Carolina.  Although BAC is a Texas limited partnership, "[t]he citizenship of a limited partnership is based upon the citizenship of each of its partners."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).  BAC has only two partners: BANA LP, LLC, and BAC GP, LLC.  "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."  *Id.* at 1080 (collecting cases).  BANA LP, LLC and BAC GP, LLC are wholly

---

[2]  Plaintiff's Am. Pet., ¶¶ 23-51.
[3]  *See id.*, ¶ 3

owned by Bank of America, N.A.  BANA is a citizen of North Carolina because that is the location its articles of association establish as its main office.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

MERS is a citizen of Delaware and Virginia because it is a Delaware corporation, and has its principal place of business in Virginia.

FNMA is a federally chartered corporation organized under the laws of the United States.  FNMA is a citizen of the District of Columbia, and has its principal place of business in the District of Columbia.  *See* 12 U.S.C. § 1717(a)(2)(B) ("[FNMA] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction . . . to be a District of Columbia corporation.").

The Trustees, Wendy Alexander and Stephen C. Porter, are citizens of Texas, but their presence in this suit does not destroy diversity jurisdiction.  The trustees do not have, nor are they alleged to have, any interest either in the property or the security instrument at issue.  The trustees are therefore merely nominal parties whose citizenship may be disregarded for purposes of diversity jurisdiction.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).; *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("[Courts] will ignore the citizenship of 'nominal . . . parties who have no interest in the action,' and are 'merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" (quoting *Walden v. Skinner*, 101 U.S. 577, 588–89 (1879)); *see also Wolff v.*

*Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("The citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."). A trustee, neither having title to, nor interest in the property, is not a necessary party to a suit to foreclose a lien. *Hirsch v. Stone*, 62 F.2d 120, 122 (5th Cir. 1932).

Accordingly, the parties are diverse for purposes of 28 U.S.C. § 1332(a)(2).

**B.      The Amount in Controversy Exceeds $75,000.**

The face of the petition also reveals that the amount in controversy exceeds $75,000.

### 1.      Object of the Litigation

Plaintiff's petition states "Defendants did not have the power of sale, yet, proceeded to execute a foreclosure sale in violation of Texas law."[4] Plaintiff states he is the owner of the property upon which defendant initiated foreclosure proceedings.[5] The object of this litigation—the property—is currently appraised at $150,569 according to the Travis County Appraisal District.

### 2.      Exemplary Damages

Additionally, plaintiff's petition includes a request for "exemplary damages."[6] Accordingly, plaintiff's fraud claim, if successful, may alone result in the recovery of more than $75,000.00. *Id.* § 41.008(a) (limiting exemplary damages to the greater of (1) damages of *twice* the amount of economic damages, *plus* any noneconomic damages, up to $750,000, or (2) $200,000) (emphasis added). "[A] request for punitive damages in itself may, under certain circumstances, support a finding that it is 'facially apparent' the amount in controversy exceeds the threshold amount." *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005)

---

[4] Plaintiff's Am. Pet., ¶ 13.
[5] *Id.*, ¶ 12.
[6] Plaintiff's Am. Pet., ¶ 54.

(citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Therefore, even if plaintiffs' actual damages are less than $75,000, "exemplary damages could easily inflate [their] potential recovery to well over $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In *U.S. Fire Insurance Co. v. Villegas*, 242 F.3d 279 (5th Cir. 2001), the court held that the plaintiff's claim of punitive damages entitled defendant's to remove to federal court, despite actual damages tallying less than $75,000. The court looked to the plaintiff's complaint, where plaintiff asserted defendant acted fraudulently, and concluded that the potential for punitive damages increased the amount in controversy over $75,000. *Id*. at 284; *see also Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (citing *Bell v. Preferred Life Assurance Soc'y*, 64 S. Ct. 5 (1943)). Thus, it is more than conceivable that plaintiff's total damages will exceed the jurisdictional amount.

### 3. Attorney's Fees

Plaintiff also seeks recovery of his attorney's fees.[7] Attorney's fees are included within the amount in controversy. *Manguno v. Prudential Prop. and Ca. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When added to his claim for exemplary damages, plaintiff's claim for attorney's fees shows he intends to obtain more than $75,000 at trial, thus placing the amount in controversy over $75,000.

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Removal of this action is timely under 28 U.S.C. § 1446(b). Although there is no indication as to whether or when BAC was served, there is no evidence it was served more than

---

[7] *Id*., ¶ 55.

thirty days before the date of this removal. Additionally, notice has been sent to the state court regarding the removal of this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action, or sent by facsimile to Defendants in the State Court Action, are attached hereto as **EXHIBITS 1 - 4.**

## IV.  CONCLUSION

The Court may exercise diversity jurisdiction over this action. Plaintiff is completely diverse from defendants. The presence of the Trustees does not defeat diversity jurisdiction. And, based on plaintiff's claims regarding the object of the litigation as well as request for exemplary damages and attorney's fees, the amount in controversy exceeds $75,000.

Date: March 18, 2011

Respectfully submitted,

_/s/ D. Stewart Clancy_
C. Charles Townsend, SBN:  24028053
D. Stewart Clancy, SBN:  24027926
Joshua J. Bennett, SBN: 24059444
AKERMAN SENTERFITT, LLP
Plaza of the Americas, Suite S1900
600 North Pearl Street
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANTS BAC HOME LOANS SERVICING, LP, FEDERAL NATIONAL MORTGAGE ASSOCIATION and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2011, a true and correct copy of the foregoing was served via certified mail, return receipt requested, as follows:

Crae R. Pease
10820 Gerald Loop
Austin, Texas 78748
*Pro Se Plaintiff*

Wendy Alexander
c/o Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Suite 100
Addison, Texas  75001
*Defendant*

Stephen C. Porter
c/o Barrett Daffin Frappier Turner & Engel, LLP
15000 Surveyor Blvd., Suite 100
Addison, Texas  75001
*Defendant*

                                            */s/  D. Stewart Clancy*
                                            D. Stewart Clancy